IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

|  |  |  |
|---|---|---|
| VANESSA GRAY, as mother of deceased Briana Arford, and as guardian for Austin Arford | * * * * | |
| Plaintiff | * | |
| VS. | * | NO: 3:09CV00010 SWW |
| | * | |
| Burlington Northern Santa Fe Railway Company, Dewayne A. Graves, Hosie Gladney, and Kim Williams | * * * * | |
| Defendants | * * | |

**ORDER**

Plaintiff Vanessa Gray ("Gray") commenced this wrongful death case in state court against Burlington Northern Santa Fe Railway Company ("BNSF"), Dewayne A. Graves, Hosie Gladney, and Kim Williams. BNSF removed the case to this federal court based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000.

Now before the Court is BNSF's motion for partial summary judgment (docket entries #52, #53, #54), seeking dismissal of Gray's state law tort claims based on inadequate crossing warnings and excessive train speeds on the ground that these claims are preempted by Federal Railroad Safety Act regulations. Gray responds that she does not oppose BNSF's motion as it pertains to allegations concerning failure to install and maintain adequate warning devices at DOT #668056S in Lawrence County, Arkansas or any allegation that the "locomotive and train in question were traveling 60 miles pers hour or less at the aforementioned crossing at the time

1

of the accident."[1]

It is undisputed that Gray's state law claims based on inadequate crossing warnings and excessive train speeds are preempted by federal law. Accordingly, Defendant BNSF's motion for partial summary judgment (docket entry #52) is GRANTED, and Plaintiff's state law claims based on inadequate warnings at the crossing at issue and excessive train speed are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 14TH DAY OF SEPTEMBER, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] Docket entry #64, ¶ 2. Gray alleges that Defendants were negligent because "they operated their train at a high rate of speed excessive for conditions existing there and then." Compl., ¶ 11(a). It is undisputed that at the time of the accident at issue, the train in question was traveling on a Class 4 track at 53 miles per hour, *See* BNSF's St. Facts, ¶ 3, *see also* Local Rule 56.1(c), less than the 60 mile-per-hour maximum speed limit set under the Federal Railroad Safety Act. *See* 49 U.S.C. § 20106; 49 C.F.R. § 213.9.