**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
JONESBORO  DIVISION

|  |  |  |
|---|---|---|
| | * | |
| VANESSA GRAY, as mother of | * | |
| deceased Briana Arford, and as guardian | * | |
| for Austin Arford | * | |
| | * | |
| Plaintiff | * | |
| VS. | * | NO: 3:09CV00010   SWW |
| | * | |
| BURLINGTON NORTHERN SANTA | * | |
| FE RAILWAY COMPANY | * | |
| | * | |
| Defendant | * | |

## <u>ORDER</u>

On January 30, 2009, Plaintiff Vanessa Gray ("Gray") commenced this wrongful death case against Burlington Northern Santa Fe Railway Company ("BNSF").  Before the Court is Gray's motion for voluntary dismissal without prejudice (docket entries #87, #88) and BNSF's response in opposition (docket entry #89).  After careful consideration, and for reasons that follow, Gray's motion will be granted pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure on the conditions provided in this order.

The discovery deadline in this case expired on January 15, 2010, and the trial date has been continued two times.  Most recently, the Court continued the October 18, 2010 trial setting upon a joint motion, in which the parties reported that a key witness had suffered injuries from a fall.

After the continuance, Gray's counsel of record withdrew his representation, and on December 22, 2010, attorney Michael Jered Medlock entered his appearance as Gray's attorney. On January 27, 2011, Gray moved to reopen discovery, and the Court denied the motion on  the ground that Gray failed to show good cause for modification of the scheduling order.

Gray now moves for voluntary dismissal, asserting that the Court should dismiss the case without

prejudice pursuant to Arkansas Rule of Civil Procedure 41(a), which she states gives her an absolute right

to dismissal without prejudice.  Alternatively, Gray seeks voluntary dismissal under Rule 41(a)(2) of the

Federal Rules of Civil Procedure.  BNSF asserts that Gray's motion "is merely a sham and ruse so that the

claim can be re-filed and Plaintiff can engage in discovery which the Court has heretofore not allowed"[1]

and that dismissal without prejudice should be conditioned on Gray paying BNSF's costs if she refiles

this lawsuit.

The Court disagrees that Arkansas Rule of Civil Procedure 41(a) governs whether and on what

terms Gray may voluntarily dismiss this action.  Under narrow circumstances, state practice may control

if the application of a federal rule would abridge a substantive right.  But such circumstances are not

present here.  *See Burlington Northern R. Co. v. Woods,  480 U.S. 1, 5, 107 S.Ct. 967, 970 (1987)*("The

cardinal purpose of Congress in authorizing the development of a uniform and consistent system of rules

governing federal practice and procedure suggests that Rules which incidentally affect litigants'

substantive rights do not [abridge, enlarge, or modify any substantive right in violation of the Rules

Enabling Act] if reasonably necessary to maintain the integrity of that system of rules.").  Rule 41(a)(2) of

the Federal Rules of Civil Procedure governs the issue of voluntary dismissal when the request for

dismissal comes after an answer or motion for summary judgment.  In such instances, "an action shall not

be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as

the court deems proper."  Fed. R. Civ. P. 41(a)(2)

Rule 41(a)(2) guards against voluntary dismissal that results in prejudice to defendants.

*See Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987).  However, a trial court should not deny

a plaintiff's 41(a)(2) motion merely because the defendant may face defending another action brought by

the plaintiff.  *See Kern v. TXO Production Corp.*, 738 F.2d 968, 970

(8th Cir. 1984).  In many cases, a trial court can alleviate the defendant's hardship by requiring that before

the plaintiff may refile the action, the plaintiff must pay the defendant's costs incurred in the first

---

[1]Docket entry #89, ¶4.

litigation.  On the other hand, the Eighth Circuit has held that a trial court abuses its discretion in granting

a motion for voluntary dismissal when "a defendant has already won its case [and] reimbursement of fees

and expenses cannot make it whole from the injury of being sued again."  *Kern*, 738 F.2d at 970.

In this case, the Court does not find that BNSF has already won its case.  Accordingly, Gray's

motion  for voluntary dismissal will be granted, with the provision that if Gray  refiles an action against

BNSF arising from the same facts and occurrences involved in this case, she must pay BNSF any  costs,

expenses, and fees  incurred in this case that will be duplicated in the refiled action.

IT IS THEREFORE ORDERED that Plaintiffs' motion for voluntary dismissal (docket entry

#87) is GRANTED.  This action is DISMISSED WITHOUT PREJUDICE, on the condition that  before

Plaintiff may re-file an action against Defendant arising from the same facts and occurrences involved in

the present action, she must pay defendant any  costs, expenses, and fees incurred by Defendant in this

action that will be duplicated because of the refiling.

IT IS SO ORDERED THIS 15TH  DAY OF MARCH, 2011.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE